Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**Kazerouni Law Group APC**
2700 North Main Street, Ste. 1050
Santa Ana, CA 92866
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for Joseph Crowl

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CROWL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>PLAINTIFF,<br><br>v.<br><br>JIFFY LUBE INTERNATIONAL, INC.,<br><br>DEFENDANT. | Case No: **'11 CV0865 MMA JMA**<br><br>**CLASS ACTION**<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Joseph Crowl, (Plaintiff), through Plaintiff's attorneys, brings this class action for damages, injunctive relief, and any other available legal or equitable remedies resulting from the illegal actions of Group 1 Automotive, Inc., and Performance Nissan ("Defendants") in negligently, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332(d)(2) because Plaintiff seeks relief on behalf of a national class action, which will result in at least one class member belonging to a different state than that of Defendants. Plaintiff also seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant, Jiffy Lube International, Inc. does business within the State of California and the County of San Diego and is a citizen of Texas, as that is its principal place of business and incorporated in the State of Delaware.

## PARTIES

4. Plaintiff is, and all times mentioned herein was, an individual citizen and resident of the State of California. Plaintiff is, and all times mentioned herein was, "person(s)" as defined by 47 U.S.C. §153 (10).

5. Defendant, Jiffy Lube International, Inc. owns more than 2,000 franchised service centers in the fast lube industry and is one of the top 200 franchise chains by worldwide sales.

6. At all times mentioned herein, Defendant, Jiffy Lube International, Inc. was and is a corporation and "person(s)" as defined by 47 U.S.C. § 152 (10).

## FACTUAL ALLEGATIONS

7. At all times relevant, Plaintiff was an individual residing within the State of California in the County of San Diego. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

8. Defendant is, and at all times mentioned herein were, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

9. At all times relevant Defendant, conducted business in the State of California and in the County of San Diego.

10. Plaintiff maintains cellular service with a common cellular telephone service provider and maintains cellular telephone number. Plaintiff has maintained this cellular telephone for a period of time.

11. Plaintiff has never provided this cellular telephone number to Defendant or provided any type of prior express consent to receive sales solicitations through Plaintiff's cellular telephone.

12. On April 21, 2011 Plaintiff received an unsolicited advertisement, via text message from Defendant sent to Plaintiff's cellular telephone number.

13. The telephone identification number provided in the text message read "Text from 723-45" The text message stated in pertinent part:

"Jiffy Lube customers 1-time offer:

     Rply Y to join out eClub for 45% off

     a Signature Service Oil Change!

     STOP to unsub

     Msg&data rates may apply...."

14. On April 21, 2011, all prior to the date this Complaint was filed, but sometime after four years prior to the date this Complaint was filed, Defendant contacted Plaintiff on Plaintiff's cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1).

15. During this telephone call and/or sending of the unsolicited text message, Defendants used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A) and/or an "automatic dialing system" to make "any call" to "any telephone number assigned to a ... cellular telephone service" as provided in 47 U.S.C. § 227(b)(1)(A)(iii).

16. The telephone number Defendant called and/or sent the unsolicited text message was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

17. These telephone call and/or unsolicited text message constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

18. Plaintiff did not provide prior express consent to receive calls and/or unsolicited text messages on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

19. These telephone calls by Defendant violated 47 U.S.C. § 227(b)(1).

**CLASS ACTION ALLEGATIONS**

20. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated ("the Class").

21. Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received any telephone call from Defendant or its agent(s) to said person's cellular telephone made through the use of any

automatic telephone dialing system or with an artificial or prerecorded voice, which call was not made for emergency purposes or with the recipient's prior express consent, within the four years prior to the filing of this Complaint.

22. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

23. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the Class members via their cellular telephones thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

24. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

25. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agent's records.

26. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact

to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendants made any call and/or sent any unsolicited text messages (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

    b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

27. As a person that received numerous calls and/or unsolicited text messages, using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

28. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

29. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

30. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

31. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

34. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and The Classes are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35. Plaintiff and the The Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

//
//
//
//

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

38. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each of the The Classes are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

39. Plaintiff and the The Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF**
**THE TCPA, 47 U.S.C. § 227 *ET SEQ.***
***AS TO ALL DEFENDANTS***

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class and Subclass member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.***
*AS TO ALL DEFENDANTS*

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class and Subclass member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: __4/22/11__          By:___/s/ Joshua Swigart___
                              Joshua B. Swigart
                              Attorneys for Plaintiff

JS 44 (Rev. 12/07)   **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Joseph Crowl, Individually and on behalf of all others similarly situated

## DEFENDANTS
Jiffy Lube International, Inc.,

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Delaware
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108
619.233.7770

Attorneys (If Known)

**'11CV0865 MMA JMA**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 yes | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 yes |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28:1331 yeb
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 5,000,000+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 4/22/11
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.  **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**   Example:   U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.